In the Matter of ANONYMOUS.

No. 79S00–9912–DI–697.

Supreme Court of Indiana.

Sept. 12, 2000.

DISCIPLINARY ACTION

PER CURIAM.

The Indiana Supreme Court Disciplinary Commission and the respondent agree that the respondent in this lawyer disciplinary proceeding committed professional misconduct in his handling of matters relating to his firm's trust account. The parties further agree that the appropriate sanction for that misconduct is a private reprimand. We agree and, therefore, accept the parties' agreed resolution. Here we recount the facts and circumstances of this case to illustrate the importance of diligent attention to the details of maintaining attorney trust accounts.

The respondent is a lawyer in good standing whose law firm maintained a client trust account at a financial institution. The respondent's law partner allegedly created overdrafts in that account. In violation of Ind. Admission and Discipline Rule 23(29) and the *Indiana Supreme Court Disciplinary Commission Rules Governing Attorney Trust Account Overdraft Reporting*, neither the respondent nor his partner had notified the bank that the account was a lawyer trust account subject to the reporting of overdrafts to the Disciplinary Commission.[1] The agreement does not inform us further about the respondent's efforts or lack thereof to insure that the firm complied with the applicable rules. The parties agree, however, that he violated Admis.Disc.Rule 23(29), Rule 4(A) of the *Rules Governing Attorney Trust Account Overdraft Reporting*, and Ind. Professional

---

1. Ind. Admis.Disc.R. 23(29)(a) provides in relevant part:

    (a) Clearly Identified Trust Accounts in Approved Financial Institutions and Relate Record-keeping Requirements
    (1) Attorneys shall deposit all funds held in trust in accounts clearly identified as "trust" or "escrow" accounts, referred to herein as "trust accounts" and shall inform the depository institution of the purpose and identity of the accounts. . . .
    Rule 4(A) of the *Indiana Supreme Court Disciplinary Commission Rules Governing Attorney Trust Account Overdraft Reporting* provides:
    Every attorney shall notify each financial institution in which he or she maintains any trust account, as defined above, that the account is subject to the provisions of overdraft reporting by submitting a notice in the form attached as Exhibit B for each such account to the financial institution in which the account is maintained. . . .
    Rule 4(B) of the *Indiana Supreme Court Disciplinary Commission Rules Governing Attorney Trust Account Overdraft Reporting* provides:
    In the case of a law firm that maintains one or more trust accounts in the name of the firm, only one notice from a member of the firm need be provided for each trust account. However, every member of the firm is responsible for insuring that notice of each firm trust account is given to each financial institution wherein an account is maintained.

Conduct Rule 5.1(a).[2] Not being aware that the account was a client trust account, the bank did not report the overdrafts to the Commission as required by Rule 4(A). The Commission independently learned of the overdrafts while investigating a complaint filed against the respondent's partner.

Attorneys are required to deposit all funds held in trust in accounts clearly identified as "trust" or "escrow" accounts, and shall inform the depository institution of the purpose and identity of the accounts. Funds held in trust include funds held in any fiduciary capacity in connection with a representation, whether as trustee, agent, guardian, executor or otherwise. Attorneys shall maintain trust accounts only in financial institutions that are approved by the Disciplinary Commission. Admis.Disc.R. 23(29)(a)(1); Rule 2, *Indiana Supreme Court Disciplinary Commission Rules Governing Attorney Trust Account Overdraft Reporting.* Every attorney must notify each financial institution in which the attorney, or the law firm for which the attorney works, maintains any trust account that the account is subject to the provisions of overdraft reporting. Rule 4, *Indiana Supreme Court Disciplinary Commission Rules Governing Attorney Trust Account Overdraft Reporting.* Such notice is accomplished by the filing of a form attached as Exhibit B to the *Indiana Supreme Court Disciplinary Commission Rules Governing Attorney Trust Account Overdraft Reporting.* Such notice is to be provided contemporaneously with the opening of any trust account opened thereafter. *Id.* For each trust account, a lawyer or law firm shall maintain a copy of each such notice throughout the period of time that the account is open and for a period of five years following closure of the account. *Id.*

The duty to notify the financial institution that the account is a lawyer trust account subject to overdraft reporting is incumbent on all members of a firm, although that duty need be fulfilled by only one. Rule 4(B), *Indiana Supreme Court Disciplinary Commission Rules Governing Attorney Trust Account Overdraft Reporting.* Thus, all attorneys in a firm which has a trust account in a financial institution may be subject to professional misconduct charges where the financial institution is not notified in the manner prescribed in the applicable rules.

Although the respondent's failure to comply with the notification provisions delayed discovery of irregularities in his firm's trust account, the parties identify no improper motive on the respondent's part. That persuades us that a private reprimand is appropriate in this instance. Accordingly, the agreement submitted by the respondent and Commission to resolve this case will be accepted by separate order, and the respondent will be privately reprimanded.

---

**2.** Prof.Cond.R. 5.1(a) provides in relevant part:

    (a) A partner in a law firm shall make reasonable efforts to ensure that the firm

has in effect measure giving reasonable assurance that all lawyers in the firm conform to the Rules of Professional Conduct.